**CORRINE A. JONES, Plaintiff**

**v.**

**DR. MARC JEROME, Defendant**

Case No. SX-02-CV-535

Superior Court of the Virgin Islands

Division of St. Croix

March 9, 2015

BRADY, *Judge*

## MEMORANDUM OPINION AND ORDER

(March 9, 2015)

THIS MATTER is before the Court on Defendant's Motion to Dismiss and attached Memorandum of Law in Support of Motion to Dismiss

160

Complaint ("Motion"), filed February 26, 2008; and Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to Motion to Dismiss ("Opposition"), filed April 11, 2008.[1] Defendant's Motion will be granted and Plaintiff's Complaint will be dismissed with prejudice.

## BACKGROUND

Plaintiff Corrine Jones underwent a total abdominal hysterectomy at the suggestion of Defendant Dr. Marc Jerome, on May 28, 2001. Verified Complaint ("Complaint"), at ¶¶ 2-4. Plaintiff alleges that Defendant "failed to properly and completely advise Plaintiff of the possible adverse results of that surgery;" that Defendant "failed to examine the ureter prior to or at the conclusion of the hysterectomy;" that he "improperly transected the ureter" and "generally failed to properly diagnose, test, analyze tests, consult, treat and inform Plaintiff which such actions were below the standard of care." *Id.* at ¶¶ 5, 7-8. Plaintiff alleges that as a result she required three subsequent surgeries and was left with physical injuries. *Id.* at ¶ 12.

Plaintiff filed her proposed Complaint with the Medical Malpractice Action Review Committee ("MMARC") on August 12, 2002 (Motion, Exhibit B), and filed her Complaint with this Court ten days later, on August 20, 2012.

Defendant filed a Motion for Summary Judgment and Motion to Dismiss Complaint for Failure to Comply with 27 V.I.C. § 166(i), signed November 13, 2003, arguing that Plaintiff's failure to wait 90 days after filing her proposed Complaint with the MMARC before filing the Complaint in Superior Court deprived the Court of jurisdiction over this action. By Order entered September 20, 2004 ("2004 Order"), Judge Edgar Ross denied the Motion "because Defendant has not shown that he complied with the provisions of 27 V.I.C. § 166a, he has not demonstrated that the Health Care Provider Malpractice Act applies to him. Therefore, [the] Court must deny Defendant's Motion at this time."

Defendant filed a Motion for Reconsideration of Order, attaching copies of Dr. Jerome's license to practice medicine and his Certificate of

---

[1] Also pending is Plaintiff's Motion to File Brief in Excess of Allotted Page Limit, filed April 11, 2008; and Defendant's Opposition thereto, filed April 28, 2008. The Court will exercise its discretion and grant the motion and accept Plaintiff's 30-page Opposition and 29-page statement of facts filed in response to Defendant's Motion.

Insurance, for the period of October 1, 2000 through September 30, 2001. By Order entered December 7, 2004, the Court denied Defendant's Motion for Reconsideration, holding that "Dr. Jerome's submission of an unauthenticated insurance certificate predating the time Ms. Jones filed her Complaint is insufficient to establish requisite proof."

Thereafter, the case lay dormant for over three years, until Defendant filed his instant Motion on February 26, 2008. Plaintiff filed her Opposition on April 11, 2008, and, again the case lay dormant, this time for roughly six years. On November 10, 2014, the Court issued an Order requiring that the parties "separately or jointly, shall report in writing as to the status of this matter and, specifically, whether Defendant's Motion to Dismiss Complaint, and related motions, require determination by the Court." By the same Order, each party was also afforded the opportunity to submit supplemental briefings on any issues that had yet to be determined.

Defendant filed a Status Memorandum on December 1, 2014, informing that this Court's subject matter jurisdiction over the case was still in dispute, and that "[n]othing with respect to discovery has occurred in the last eleven years." Status Memorandum, at 3. Plaintiff did not respond to the Court's November 10, 2014 Order. Now before the Court is Defendant's Motion.

## DISCUSSION

Defendant's Motion asks the Court to dismiss Plaintiff's claim for lack of subject matter jurisdiction. Motion, at 1. Defendant argues that Plaintiff's failure to comply with V.I. CODE ANN. tit. 27, § 166i(b), which required Plaintiff to wait 90 days after filing her proposed Complaint with the MMARC before she filed her Complaint in Superior Court, deprives the Court of jurisdiction over this action. *Id.*

Plaintiff responds that the "law of the case" doctrine bars dismissal because the 2004 Order denied a motion to dismiss filed by Plaintiff on these same grounds. Opposition, at 4. Plaintiff also argues that Plaintiff did not need to strictly adhere to the Virgin Islands Health Care Providers Malpractice Act, 27 V.I. § 166 *et seq.*, ("MMA"), because Defendant has not shown that he was a qualified health care provider in "strict compliance" with the MMA.

## A. The "law of the case" doctrine does not bar dismissal of this case

Plaintiff posits that Defendant's arguments in the Motion have already been ruled upon, and that "once an issue has been decided, parties may not relitigate that issue in the same case." Opposition, at 3 (quoting *Ogbudimkpa v. Ashcroft*, 342 F.3d 207, 210 n.7 (3d Cir. 2003)). The Court rejects Plaintiff's argument that it cannot disturb the earlier rulings in this case and specifically the 2004 Order.[2]

■ Even if Plaintiff's premise were accurate, that the rule of the case doctrine prevents the relitigation of issues previously decided in the case, her argument fails nonetheless because the 2004 Order did not finally determine the issue of the applicability of the MMA to the claims against Defendant. By the 2004 Order, the Court denied Defendant's original Motion to Dismiss "because Defendant has not shown that he complied with the provisions of 27 V.I.C. § 166a, he has not demonstrated that the Health Care Provider Malpractice Act applies to him. Therefore, Court must deny Defendant's Motion *at this time*." 2004 Order (emphasis added).

---

[2] The "law of the case" doctrine, under the current circumstances, is purely discretionary. The Court can revise any previous orders in this case at any time before the entry of judgment adjudicating all claims. *See Stryker Corp v. TIG Ins. Co.*, No. 1:05-CV-51, 2014 U.S. Dist. LEXIS 5119, at *3-5 (W.D. Mich. Jan. 15, 2014), *aff'd* 2014 U.S. Dist. LEXIS 44241 (W.D. Mich. Apr. 1, 2014) ("The law of the case doctrine is much misunderstood by both lawyers and courts . . . . Cases applying the law of the case doctrine arise in two distinct circumstances. The first arises when a case has been remanded by an appellate court. In such circumstances, the trial court is bound to proceed in accordance with the mandate and the law of the case as established by the appellate decision. Once an appellate court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. . . . The other species of the law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case . . . . [T]his aspect of the law of the case doctrine does not limit the court's power, but merely directs its discretion. As applied to proceedings in the district court, the law of the case doctrine is significantly mitigated by the provisions of Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) empowers the court to direct the entry of a final judgment that adjudicates fewer than all of the claims in the case. In the absence of an express direction for the entry of judgment, however, any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") (internal quotations and citations omitted). FED. R. CIV. P. 54(b) is applicable to this Court pursuant to SUPER. CT. R. 7. *See Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 608 (V.I. 2012).

Defendant filed a Motion for Reconsideration in response to the 2004 Order, attaching copies of Defendant's medical license, valid through September 30, 2001, and Certificate of Insurance issued by the Office of Risk Management of the Department of Health. The Court declined to reconsider the 2004 Order "absent proof that his alleged licensing and insurance coverage was procured in strict adherence to [the MMA] and it was effective when Ms. Jones commenced the instant action." December 6, 2004 Order.

Thereafter, the case remained dormant for the next three and a half years until Defendant filed the instant Motion. Accompanying the Motion is the Affidavit of Cherie Hendricks, an employee of the Office of Risk Management of the Department of Health of the Government of the Virgin Islands. Motion, Exhibit A. Ms. Hendricks' Affidavit confirms that "Dr. Marc Jerome was in 2001, and in subsequent years to the present, a duly licensed doctor in the Territory of the U.S. Virgin Islands and a doctor acting as a health care provider. As such he has been a member at all relevant times of the Risk Management Program of the Department of Health." Motion, Exhibit A, at ¶ 3.[3] The Affidavit also states that "records of this case in the Office of Risk Management reveal that the plaintiff only submitted a proposed complaint via letter dated August 12, 2002, to the Commissioner of Health."[4] Id. at ¶ 4.

Defendant's filings accompanying the Motion satisfy the deficiencies cited by the 2004 Order. Therefore, even accepting Plaintiff's argument of the applicability of the "law of the case" theory to the 2004 Order, Defendant's proffer with the Motion cures any issue relative to the applicability of the protections of the MMA to Defendant.[5]

---

[3] Attached as an exhibit to the Affidavit were copies of two certificates of insurance confirming that Dr. Jerome, a licensed Virgin Islands health care provider, was covered by liability insurance pursuant to 27 V.I.C. §166e, for the periods when the alleged malpractice occurred and when the Complaint was filed. Motion, Exhibit A.

[4] Attached as a second exhibit to the Affidavit was a copy of the August 12, 2002 letter of Plaintiff's counsel to the MMARC, with the enclosed proposed Complaint. Motion, Exhibit A.

[5] "[W]hile the law of the case doctrine bars courts from reconsidering matters actually decided, it does not prohibit courts from revisiting matters that are 'avowedly preliminary or tentative.' " *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir. 1999), quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*: Jurisdiction 3d § 4478 at 789 (1981). The language of the 2004 Order denying

## B. Plaintiff was a "health care provider" under the terms of the MMA

Plaintiff next argues that "strict adherence" to the MMA is a necessary prerequisite to consideration of Defendant as a "health care provider" covered by its provisions, and therefore he must prove that he had the required licensing and insurance coverage in place and effective when Plaintiff filed this action, which under Plaintiff's theory is effectively impossible.[6] Opposition, at 9.

Plaintiff bases her position on "a series of opinions requiring 'strict compliance' with the terms of the [MMA] by all parties, not just plaintiffs." Opposition, at 3. The "lead" opinion that Plaintiff cites is *Missar v. Bucher*, 46 V.I. 15 (Terr. Ct. V.I. 2004), in which a Territorial Court judge held that before the court would dismiss the action against the defendant on jurisdictional grounds, the private health care provider must submit evidence that he was covered by an insurance policy on the date the action was filed in compliance with 27 V.I.C. § 166a.[7] *Id.* at 3-4.

However, Plaintiff cites no binding precedent that stands for the proposition that a defendant sued under the MMA is required to provide proof of "strict compliance" of the Government of the Virgin Islands with the provisions of the MMA before the defendant's jurisdictional motion can be considered. The Court has found no such precedent. The Supreme Court of the Virgin Islands affirmed the trial court's dismissal of a plaintiff's claims against her Virgin Islands licensed doctor for lack of subject matter jurisdiction when the plaintiff failed to adhere to the 90-day

---

Defendant's Motion to Dismiss "at this time" suggests that the matter had not been "actually decided," but rather was "avowedly preliminary or tentative."

[6] Plaintiff argues that the insurance certificates provided by Defendant do not suffice and are irrelevant, because the "self-insurance program" referenced in the certificates does not in fact exist. Opposition, at 13. Plaintiff makes this argument based on the language of 27 V.I.C. § 166e(f) — requiring the satisfaction of specific pre-conditions before the creation of the program, which have not been satisfied. *Id.* at 14.

[7] 27 V.I.C. § 166a states that "To be qualified under the provisions of this subchapter, a health care provider must be covered by the Government of the United States Virgin Islands, Department of Health's Self-Insurance Retention Program or any other insurance policy as provided for in section 166e of this Title." Plaintiff argues that since the Virgin Islands Government has not developed a "Self-Insurance Retention Program," then Defendant's proffered certificates of insurance do not meet the prerequisites of proof of his strict compliance with the MMA and of his status as a "health care provider," and his Motion cannot be heard.

waiting period required by §166i(b) in *Brady v. Cintron*, 55 V.I. 802, 817 (V.I. 2011).[8]

■ Under the statutory definition, as described in the Complaint, Defendant Jerome is a "health care provider" as he is "a person . . . licensed by this territory to provide health care or professional medical services including a medical . . . physician . . ." 27 V.I.C. § 166(c). Nothing within the MMA and nothing in any judicial precedent suggests that a health care provider loses that status under the Act without an affirmative proffer of proof of applicable liability insurance coverage.[9]

In this context, the Court declines Plaintiff's invitation to create a judicial exception to the applicability of the MMA not included by the Legislature. By the terms of the Act,

> No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the [Medical Malpractice Action Review] Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court.

27 V.I.C. § 166i(b).

■ Therefore, this Court lacks subject matter jurisdiction to hear Plaintiff's claims based upon the language of the MMA, in accordance with Supreme Court precedent. Further, the Court is unaware of any equitable tolling or other means by which this Court may exercise jurisdiction. The Supreme Court has specifically determined that the 90 day pre-filing review period is not a claims processing rule but rather a jurisdictional prerequisite. *Brady*, 55 V.I. at 815-17. "[C]ourts have no authority to create equitable exceptions to jurisdictional requirements and

---

[8] In *Brady*, it was not disputed that the defendant, as "a licensed physician in the Virgin Islands," qualified as a "health care provider" under 27 V.I.C. § 166(c). 55 V.I. at 814, n.13. No analysis was undertaken as to whether the MMA is inapplicable with respect to a defendant health care provider who has not provided proof of malpractice insurance coverage required under section 166a.

[9] Plaintiff's Complaint alleged that "Dr. Marc Jerome is a licensed physician in the U.S. Virgin Islands." Complaint, ¶3. Defendant admitted to this claim in his Answer. Further, as discussed above, Defendant has supplied copies of certificates of insurance covering both the time of the surgery and the time this action was filed, as well as a copy of his medical license.

litigants cannot by waiver or forfeiture confer jurisdiction where it is otherwise lacking." *Id.* at 815 (quotation omitted).

On the basis of the foregoing, it is hereby

ORDERED that Plaintiff's Motion to File Brief in Excess of Allotted Page Limit is GRANTED. It is further

ORDERED that Defendant's Motion to Dismiss is GRANTED. It is further

ORDERED that Plaintiff's claim is DISMISSED with prejudice for lack of subject matter jurisdiction.