IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
April 26, 2022 09:03 AM
SX-2005-CV-00368
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **JOSEPH GERACE AND VICTORIA VOOYS D/B/A CANE BAY BEACH BAR**<br><br>PLAINTIFFS,<br><br>V.<br><br>**WARREN MOSLER, CHRIS HANLEY, AND CHRISMOS CANE BAY, LLC,**<br><br>DEFENDANTS. | **Civil No. SX-2005-CV-00368**<br><br>**ACTION FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br><br>**CITE AS: 2022 VI SUPER 46** |

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, St. Croix
*For Plaintiffs*

**Joel Holt, Esq.**
Law Offices of Joel Holt
Christiansted, St. Croix
*For Defendants*

## CORRECTED MEMORANDUM OPINION AND ORDER[1]

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Plaintiff Joseph Gerace and Plaintiff Victoria Vooys d/b/a Cane Bay Beach Bar's (collectively, hereinafter "Plaintiffs") motion to exceed page limit and corrected motion to exceed page limit,[2] filed on April 19, 2022 and April 20, 2022 respectively. On April 20, 2022, Defendant Warren Mosler, Defendant Chris Hanley, and

---

[1] This Corrected Memorandum Opinion and Order (2022 VI Super 46) corrects the memorandum opinion and order entered on April 22, 2022 (2022 VI Super 45) by adding a paragraph number at the beginning of each paragraph.

[2] In the corrected motion, Plaintiffs indicated that they fixed "typographical errors that made it confusing as to the number of pages Plaintiffs seek and… a legal authority citation." (Corrected Motion, p. 1.)

Defendant Chrismos Cane Bay, LLC (collectively, hereinafter "Defendants") filed a response to the original motion.[3] As of the date of this Order, no reply has been filed in response.[4]

## BACKGROUND

¶ 2     This matter came before the Court for a jury trial and on March 3, 2022, the jury reached a verdict. On March 22, 2022, Defendants filed a motion "for post-trial relief pursuant to Rule 50(b) [of the Virgin Islands Rules of Civil Procedure], seeking to vacate the jury's entire verdict [and] [a]lternatively, a new trial is sought pursuant to Rule 59(a)(1)(A)(vi) [of the Virgin Islands Rules of Civil Procedure] based on the individual and cumulative improper closing arguments of Plaintiffs' counsel." (March 22, 2022 Motion.)

¶ 3     On April 11, 2022, Plaintiffs filed a first motion for a two-week extension of time to April 26, 2022 to file an opposition to Defendants' March 22, 2022 motion. On April 12, 2022, Defendants filed an opposition thereto. The Court subsequently granted Plaintiff's April 11, 2022 motion and extended the deadline to April 26, 2022 for Plaintiff to file an opposition to Defendants' March 22, 2022 motion.

¶ 4     On April 19, 2022, Plaintiffs filed a motion to exceed page limit, and on April 20, 2022, Plaintiffs filed a corrected motion to exceed page limit.

## STANDARD OF REVIEW

¶ 5     Rule 6-1 of the Virgin Islands Rules of Civil Procedure provides that "[u]nless otherwise ordered by the court, all motions, responses and replies filed with the court shall not exceed the

---

[3] According to the time stamp, Defendants' opposition was filed before Plaintiffs filed their corrected motion. Nevertheless, given Plaintiffs' representation that the corrected motion only fixed typographical errors and a legal authority citation, the Court will consider Defendants' response when ruling on the corrected motion.

[4] Rule 6-1 of the Virgin Islands Rules of Civil Procedure provides that "[n]othing herein shall prohibit the court from ruling without a response or reply when deemed appropriate." V.I. R. Civ. P. 6-1(f)(6). Here, the Court finds it appropriate to rule on Plaintiffs' motion at this juncture.

greater of 20 pages or 6,000 words in length unless leave of court has been obtained in advance for a longer submission." V.I. R. Civ. P. 6-1(e)(2).

## DISCUSSION

¶ 6    In their motion, Plaintiff moved to exceed the page limit for their opposition to Defendants' March 22, 2022 motion by seventeen additional pages.[5] Plaintiffs made the following assertions in support of their motion: (i) The seventeen additional pages will "assist the Court in resolving the post-trial motions dealing with multiple defendants and multiple claims after a five-day jury trial." (Motion, p. 1); (ii) "There are two plaintiffs and three (3) defendants in this case" and "[t]he defendants each filed two (2) post-trial motions—confusingly consolidated into one motion—raising a host of issues they contend warrant either a new trial or judgment as a matter of law." (Id., at pp. 1-2); (iii) "[T]he trial transcript containing the evidence to survive a sufficiency challenge is just over 1,200 pages" and "[t]his includes the official transcript of the jury instructions, which Plaintiffs must cite and rely on in response to a sufficiency challenge under V.I. R. Civ. P. 50." (Id., at p. 2); (iv) "In addition to a sufficiency challenge under Rule 50, the Defendants' motion seeks a new trial under V.I. R. Civ. P. 59—a completely different legal standard." (Id.); and (v) "[T]here is more than good cause for this Court to grant the Plaintiffs an additional seventeen pages considering the extensive evidence received (1200-paged [sic] transcript) and the requirement in this jurisdiction that parties adequately brief matters."[6] (Id., at p. 3.)

---

[5] Plaintiffs referenced: *Augustin v. Hess Oil V.I. Corp.*, 67 V.I. 488, 503 (Super. Ct. Aug. 23, 2017) ("if allowing additional pages can help the court to resolve a complicated issue or complex questions of law, then leave to exceed pages should generally be granted.").

[6] Plaintiffs referenced: *Herbert v. National Industrial Services*, 2022 VI SUPER 29, ¶ 11 (V.I. Super. Ct. March 18, 2022); *The Litwin Corp. v. Universal Oil Prods. Co.*, 69 V.I. 380, 387 (V.I. Super. Ct. Sept. 28, 2018) ("[I]t is not the Court's job to research and construct legal arguments open to parties. In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is

¶ 7    In their opposition, Defendants indicated that they "have no objection to the Plaintiffs' response to the post-trial motions exceeding the normal page limitations." (Opp., p. 1.)

### 1. Original Motion

¶ 8    The Court finds that Plaintiffs implicitly withdrew their original motion to exceed page limit, filed on April 19, 2022, when they filed the subsequent corrected motion to exceed page limit on April 20, 2022. *See e.g., Magras v. National Industrial Services, et al.*, 2021 V.U. Super 50U, ¶ 8; *see also, In re Refinery Dust Claims*, 72 V.I. 256, 290 (Super. Ct. Dec. 13, 2019) (citing *Mitchell v. Gen. Eng'g Corp.*, 67 V.I. 271, 278 (Super. Ct. Feb. 23, 2017) ("a motion can also be deemed withdrawn based on certain actions or inactions of the party who filed the motion"). As such, Plaintiffs' original motion to exceed page limit, filed on April 19, 2022, will be deemed withdrawn.

### 2. Corrected Motion

¶ 9    Virgin Islands courts have the inherent authority to economically manage their dockets to best promote the fair and efficient resolution of the dispute between the parties. *See e.g., FirstBank P.R. v. Harthman Leasing III, LLLP*, 2019 V.I. LEXIS 5, at *14 (V.I. Super. Ct. Jan. 28, 2019); *Davies v. Certain Underwriters at Lloyds of London*, 2017 V.I. LEXIS 138, *8 (V.I. Super. Ct. Aug. 25, 2017); *Prentice v. Seaborne Aviation, Inc.*, 65 V.I. 96, 113 (V.I. Super. Ct. Sept. 1, 2016); *Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 126 (V.I. Super. Ct. March 15, 2016). Thus, the Court finds that, pursuant to such inherent authority, the Court can impose page limits on court papers. *See* V.I. R. Civ. P. 6-1(e)(2); *but see, Augustin v. Hess Oil V.I. Corp.*, 67 V.I. 488, 502 (Super. Ct. Aug. 23, 2017) ("[T]he Supreme Court has not had occasion to address Rule 7.1 specifically, or more generally, what inherent authority courts have to place limits on the number

---

inadequate."); *Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so.").

of pages of motion papers. Two Superior Court judges addressed motions for leave to exceed page

limit. *See Abednego v. St. Croix Alumina, LLC*, 63 V.I. 153, 184 (Super. Ct. 2015); *Jones v.*

*Jerome*, 62 V.I. 160, 161 n.1 (Super. Ct. 2015). But in each case, the court granted the motion

without discussion. Similarly, the District Court of the Virgin Islands has also addressed motions

to exceed page limits in *Chapin v. Great Southern Wood Preserving, Inc.*, Civ. No. 2012-77, 2016

U.S. Dist. LEXIS 60805 (D.V.I. May 9, 2016), but there, only in passing and only in discussing

the procedural history to the case…Thus, no court in the Virgin Islands has addressed why (or

even whether) courts can or should impose pages limits on court papers.").

¶ 10    In *Augustin*, the court referenced the discussion of the United States Tax Court in *Kernan*

*v. Commissioner of Internal Revenue*, 108 T.C.M. (CCH) 503 (T.C. 2014), *aff'd* 670 Fed. Appx.

944 (9th Cir. 2016) addressing the reasoning and concerns of why courts impose page limits on

court papers,[7] and concluded that it "agrees with the reasoning and concerns *Kernan* expressed

and further agrees that parties should limit their arguments and only raise those arguments that

carry the most weight." *Id.*, 67 V.I. at 503. Nevertheless, the *Augustin* court acknowledged that it

is not always possible to do so in twenty pages, and further concluded that "if allowing

additional pages can help the court to resolve a complicated issue or complex questions of law,

---

[7] In *Kernan*, the United States Tax Court explained:

> Judges impose page limits for a reason. They force parties to hone their arguments and to state those arguments succinctly. Page limits cause, or should cause, parties to dispense with arguments of little or no merit in favor of those arguments that have a better chance of carrying the day. They encourage parties to avoid redundancy. And repetition. Parties often are quite creative in their efforts to circumvent page limits. Among the most blatant methods is to put material into an appendix and to not count that appendix as falling within the page limits. Another is to incorporate another document by reference. Less blatant but still obvious, are those instances in which parties shrink the margins or the font size so that they can squeeze more text within the page limits that were imposed. … Then there are methods that, while perhaps in technical conformity with our Rules, diminish the quality of a brief. Examples include moving text into footnotes or using extensive block quotations so that the author can single-space more of the text.

> 108 T.C.M. (CCH) 503 at 9-10 (footnotes and paragraph breaks omitted).

then leave to exceed page limits should generally be granted [b]ut requesting leave to exceed the page limits should be the exception, not the norm." *Id.* Ultimately, the *Augustin* court granted the moving party's motion for leave to exceed the page limit "[b]ecause of the significance of the issues raised here, and because the appointment of personal representatives was a question of first impression in the Virgin Islands"; the court also noted that the brief "only exceed the limit by four pages." *Id.* Like the *Augustin* court, the Court similarly agrees with the reasoning and the concerns *Kernan* expressed. Furthermore, the Court also agrees with the opinions *Augustin* expressed—to wit, that "parties should limit their arguments and only raise those arguments that carry the most weight" and that "if allowing additional pages can help the court to resolve a complicated issue or complex questions of law, then leave to exceed page limits should generally be granted [b]ut requesting leave to exceed the page limits should be the exception, not the norm." 67 V.I. at 503. With that in mind, the Court will determine whether to grant Plaintiffs' motion.[8]

¶ 11    Here, Plaintiffs never asserted that the issues raised in Defendants' March 22, 2022 motion were complex or novel issues of first impression. Instead, Plaintiffs' motion focused on the fact that the lawsuit involves multiple parties and multiple claims, and the fact that the length of the transcript necessary for Plaintiffs to prepare their opposition is approximately 1,200 pages. However, the fact that a lawsuit involves multiple parties and multiple claims, and the fact that the

---

[8] The Court notes at the outset that Defendants did not object to Plaintiffs' motion. However, "a 'motion is not automatically granted simply because it is unopposed.'" *Ayala v. Lockheed Martin Corp.*, 2017 V.I. LEXIS 39, at *19 (V.I. Super. Ct. Mar. 3, 2017) (quoting *In re Alumina Dust Claims*, 2017 V.I. LEXIS 2, at *26 (V.I. Super. Ct. Jan. 10, 2017). "In other words, even though a motion is unopposed, courts must still determine whether to grant it, especially when the decision is within the court's discretion." *Augustin*, 67 V.I. at 501. After all, the Court and not the parties has the inherent authority to manage the docket and Rule 6-1 of the Virgin Islands Rules of Civil Procedure requires "leave of the Court" and not the agreement of the non-moving party. *See* V.I. R. CIV. P. 6-1(e)(2). Plus, it is not legally and procedurally sound to allow the parties to circumvent the Virgin Islands Rules of Civil Procedure by simply stipulating and doing away with the rules they do not want to follow. *Cf. Henry v. Dennery*, 2013 V.I. Supreme LEXIS 4, at *6 (V.I. 2013) (the Virgin Islands Supreme Court "has repeatedly instructed that the parties cannot simply stipulate to the law").

transcript containing the evidence is approximately 1,200 pages do not automatically qualify the issues involved as complex or novel issues of first impression. Thus, based on Plaintiffs' motion, the Court finds that seventeen additional pages are not necessary to help the Court because there are no complicated issue or complex questions of law to resolve. Furthermore, while Plaintiffs implied in their motion that Defendants should not have combined their post-trial motions pursuant to Rule 50(b) and Rule 59(a)(1)(A)(vi) of the Virgin Islands Rules of Civil Procedure into one motion, Rule 50(b) specifically provides that "the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." V.I. R. CIV. P. 59(b).[9] Moreover, the requirement that a party adequately support the positions and arguments in his/her brief and the concept that the court will not make a movant's arguments for him/her when he/she has failed to do so are not unique or new to Plaintiffs or this matter. As such, the Court will deny Plaintiffs' motion. *See Augustin*, 67 V.I. at 503 ("if allowing additional pages can help the court to resolve a complicated issue or complex questions of law, then leave to exceed page limits should generally be granted [b]ut requesting leave to exceed the page limits should be the exception, not the norm").

---

[9] Rule 50(b) of the Virgin Islands Rules of Civil Procedure provides:

> (b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment -- or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged -- the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
>> (1) allow judgment on the verdict, if the jury returned a verdict;
>> (2) order a new trial; or
>> (3) direct the entry of judgment as a matter of law.
>
> V.I. R. CIV. P. 50(b).

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Plaintiffs' motion to exceed page limit, filed on April 19, 2022, is

**DEEMED WITHDRAWN. And** it is further:

**ORDERED** that Plaintiffs' corrected motion to exceed page limit, filed on April 20, 2022,

is **DENIED**.

**DONE and so ORDERED this** ⟨26th⟩ **day of April 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: ⟨signature⟩
Court Clerk Supervisor II
Dated: 4/27/2022

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
April 27, 2022 09:07 AM
SX-2005-CV-00368
**TAMARA CHARLES**
**CLERK OF THE COURT**




**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
District of St. Croix

---

**JOSEPH GERACE et al,**
       **Plaintiff**

**v.**

**MARIA BENTLEY et al,**
       **Defendant.**

Case Number: **SX-2005-CV-00368**
Action: **Damages**

## NOTICE of ENTRY
### of
### Corrected Memorandum Opinion and Order

**To:**  Lee J. Rohn, Esq.           Joel H. Holt, Esq.

 

**Please take notice that on April 27, 2022**
**a(n)**        **Corrected Memorandum Opinion and Order**
      **dated**      **April 26, 2022**      **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**  **April 27, 2022**

                            **Tamara Charles**
                            **Clerk of the Court**

By:

                            **Janeen Maranda**
                            **Court Clerk II**